Simon, J.
This case has already been before us, and was remanded for the purpose of assessing the amount of damages sustained by the plaintiff. 17 La. 470. The controversy was submitted to a jury, who found a verdict in favor of the plaintiff for one dollar damages ; and after an ineffectual attempt to obtain a new trial, he has appealed.
The motion for a new trial is based particularly on the ground that the order of this court remanding the cause, presented one simple question, and but one for the consideration of the jury, viz.: what damages had Gillet sustained by the neglect and refusal of Landis & Co. to deliver to him the notes described in the petition? And it was contended below, that the evidence clearly establishes that, in consequence of such neglect, Gillett had been deprived of the opportunity and means of paying a debt to the amount of said notes ; and that the verdict is wrong, because it did not decree the restoration of them.
We said in our first decision, that “ the defendants ought not to have delivered the notes to Joyce; that they did so at their peril; and that they are, therefore, bound to make good to the plaintiff the loss which he may have sustained, from not having had in *333 his possession at the time they became due, the three notes which he had a right to claim of the defendants by virtue of the transfer and we added that, “ as all that the plaintiff can require, is to be placed in the same situation in which he would have been, if the notes had been delivered up to him by the defendants at the time he made his application, said defendants cannot in justice be made liable beyond the real value of the notes at that time.”
The evidence adduced on the question of damages submitted to the jury, appears somewhat contradictory. On the one hand, it is shown, that the notes of George R. Wright, (the drawer of the notes,) in 1837, were considered by some of the witnesses to have been good for $3000 or $4000, and that said witnesses believed him solvent in August, 1837. One of the witnesses states, that he would like to have got such notes as those drawn by Wright to the order of Joyce, payable at 4, 8, and 12 months from April, 1837, each for the sum of $1250, as he himself owed Wright nearly that amount, and knew four or five good men who owed Wright as much as $1000 each. Another testifies that from the faith he had in Wright, he would have taken these bills at par, in liquidation of a debt previous to Wright’s failure ; that at the time, and for two years previous, Wright was looked upon as a very honorable man ; but that after he had something to do with the steamboat Invincible, he became notorious for selling as a commission merchant, and not accounting for the sales. On the other hand, it is established that Wright failed in November, 1837, (before the second note fell due,) having sued his creditors in the Parish Court of New Orleans. One of the witnesses says that, admitting all the persons whose names appear on the notes to be insolvent, and considering them so far as relates to the mortgages on the steamboat, he does not think the notes were worth the 100th part of a dollar; and another proves that, having sued Wright in 183S, for the recovery of certain notes, he could not make a dollar.
Under the facts and circumstances disclosed by the evidence found in the record, we do not feel ourselves authorized to say that the verdict complained of is manifestly erroneous. As we said in our former decision, this case was a proper one to be sub *334 mitted to a jury. The Judge below was satisfied with their verdict. Having heard the witnesses, he was much better able than we áre, to judge of the degree of faith and credit to be placed on the testimony; and his conclusion, was, that the verdict was correct. We cannot say that he erred.
With regard to the three notes which the appellant contends should have been ordered to be returned to him by the defendants, unless full damages had been decreed against them — this is the very ground upon which the plaintiff’s claim for damages was based. The notes had been improperly delivered by the defenant to Joyce; the object of the action' was to compensate the plaintiff for the loss by him sustained, in being deprived of the possession of said notes at the time they became due ; and we understand the verdict of the jury to be an estimate of the value of said notes at the time they should have been delivered to the plaintiff. This is all that the plaintiff could claim of the defendants, against whom no fraud has been alleged or shown ; without prejudice however, to his right of action against Joyce for the delivery of the notes, which the latter had perhaps no right to demand or receive from the defendants.

Judgment affirmed.